**UNITED STATES of America,**
**Plaintiff—Appellee,**

**v.**

**Leeann FIRST SMOKE, Defendant—**
**Appellant.**

**No. 01–30311.**

**D.C. No. CR–00–00095–DWM.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 6, 2002 *.

Decided March 11, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before ALARCÓN, and SILVERMAN, Circuit Judges, and BREWSTER,** Senior District Judge.

### MEMORANDUM ***

LeeAnn First Smoke appeals from the judgment entered following her conviction by a jury of two counts of involuntary manslaughter pursuant to 18 U.S.C. §§ 1153(a) and 1112. She contends that the district court abused its discretion, pursuant to Rule 403 of the Federal Rules of Evidence, by denying her motion to exclude evidence that tests revealed that

** Honorable Rudi M. Brewster, Senior United States District Judge for the District of Southern California, sitting by designation.

she had consumed alcohol prior to the automobile accident that resulted in the death of two persons. We affirm because we conclude that the district court did not abuse its discretion in concluding that the probative value of the results of the blood alcohol test outweighed its prejudicial effect in corroborating the testimony of prosecution witnesses, who had also been drinking, that they observed First Smoke driving under the influence of alcohol.

### I

First Smoke contended at trial that the fact that she was tested for blood alcohol over two hours after the accident was not relevant to establish that she was committing the crime of driving under the influence of alcohol when the deaths occurred. She also argued that evidence of her blood alcohol test results should be excluded under Federal Rule of Evidence 403. The district court denied First Smoke's motion to exclude evidence that the blood tests revealed that she had earlier consumed alcohol, but precluded the prosecution from presenting evidence that her blood alcohol content was .10, or that by extrapolation her blood alcohol content at the time of the accident was approximately .13. We review a trial court's decision to admit or exclude evidence under Rule 403 of the Federal Rules of Evidence for abuse of discretion. *United States v. Crosby*, 75 F.3d 1343, 1346 (9th Cir.1996).

■ To convict First Smoke of violating 18 U.S.C. §§ 1153(a) and 1112, the Government had to persuade the jury beyond a reasonable doubt that First Smoke killed a person while committing the unlawful act of driving under the influence of alcohol.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

To prove that First Smoke was driving under the influence of alcohol, the Government offered the testimony of two persons who had been with First Smoke in the hours preceding the car wreck. They testified that First Smoke had been drinking for several hours prior to the accident. Each of these witnesses had also consumed substantial amounts of alcohol that night. Accordingly, the accuracy of their perceptions concerning First Smoke's conduct and condition would have been discounted by a rational jury. The admission of the results of a blood test that demonstrated First Smoke had consumed alcohol sometime prior to her arrest was highly relevant to corroborate the tainted testimony of First Smoke's companions. The district court carefully balanced the probative value of the evidence of the blood test against the "danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed R. Evid. 403. " 'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed.R.Evid. 403 Advisory Committee Notes (1972). Rule 403 is "an extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence." *United States v. Patterson,* 819 F.2d 1495, 1505 (9th Cir. 1987) (citation omitted). "Under the terms of the rule, the danger of prejudice must not merely outweigh the probative value of the evidence, but *substantially* outweigh it." *United States v. Mende,* 43 F.3d 1298, 1302 (9th Cir.1995). The introduction of objective scientific evidence lessened rather than enhanced the possibility that the jury would be induced to act emotionally in determining whether First Smoke was guilty of driving under the influence of alcohol.

The district court also reduced the potential of unfair prejudice by cautioning the jury that admission of the blood test evidence "is very limited and it is for you to consider whether or not, in your determination, ... there had been drinking. You can weigh this evidence along with all the other evidence you have heard." *See United States v. Hankey,* 203 F.3d 1160, 1173 (9th Cir.2000) (noting the importance of the district judge's limiting instruction regarding evidence that the defendant had sought to exclude under Rule 403). It is presumed that juries will follow the district court's limiting instructions. *United States v. Escalante,* 637 F.2d 1197, 1202 (9th Cir.1980).

■ First Smoke also suggests that the evidence regarding the blood alcohol test should have been excluded under Rule 403 because it caused undue delay. This contention finds no support in the record. The forensic scientist who presented this evidence was asked only four questions on direct examination. There was no cross-examination. His entire testimony before the jury is contained in thirteen lines of the court reporter's transcript. The presentation of the results of the blood alcohol test did not cause undue delay, nor did it include needless cumulative evidence.

AFFIRMED.